UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FALCON CREST HOLDINGS, LLC, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CENTURION INVESTMENTS, INC., )<br>)<br>Defendant. ) | Case No. 4:25-cv-00112-MTS |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of the file. The Court has identified an issue with its subject matter jurisdiction. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."). On January 28, 2025, Plaintiff filed a Complaint seeking to establish this Court's diversity jurisdiction under 28 U.S.C. § 1332(a) because the case is between citizens of different states and the amount in controversy exceeds $75,000. Doc. [1] ¶ 3. Plaintiff's Complaint fails to sufficiently plead as much.

"The party seeking to invoke the jurisdiction of a federal court bears the burden to establish that jurisdiction exists." *May Dep't Stores Co. v. Wilansky*, 900 F. Supp. 1154, 1159 (E.D. Mo. 1995). Where, as here, "jurisdiction is based on diversity of citizenship, the pleadings . . . must set forth with specificity the citizenship of the parties." *Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990). Plaintiff fails to carry its burden because it has failed to sufficiently plead its own citizenship as a limited liability company ("LLC"). *See E3 Biofuels, LLC v. Biothane, LLC*, 781 F.3d 972,

975 (8th Cir. 2015) (explaining that the citizenship of an LLC is equivalent to "the citizenship of each of its members").

Although Plaintiff ultimately alleges that it "is a citizen of Texas," Doc. [1] ¶ 3, the Complaint states only that Plaintiff "is a limited liability company formed in the State of Texas and whose principal place of business is in Texas," Doc. [1] ¶ 1.  These jurisdictional facts are irrelevant to the citizenship of an LLC like Plaintiff.  *See E3 Biofuels*, 781 F.3d at 975. Rather, Plaintiff must plead facts identifying its members and their states of citizenship, and if "any members . . . are themselves LLCs, partnerships or limited partnerships, information concerning their underlying members or partners must [also] be alleged." *Haas as Tr. of Bira Rabushka Living Tr. v. Rabushka*, 4:23-cv-1304-RLW, 2023 WL 6879663, at *1 (E.D. Mo. Oct. 18, 2023); *see also Hill v. Lowe's Home Ctrs., LLC*, 1:21-cv-00185, 2022 WL 1202363 at *3 (E.D. Mo. Apr. 22, 2022) (explaining that the Court must know "the citizenship of **all** persons and entities within the ownership structure" (citing *Clark v. SL W. Lounge, LLC*, 4:18-cv-01223, 2019 WL 527781, at *2 (E.D. Mo. Feb. 11, 2019))).

Without this information, the Court cannot "be assured of its own jurisdiction," *see James v. Moore*, 1:23-cv-00115-SNLJ, 2023 WL 4350944, at *1 (E.D. Mo. July 5, 2023) (requiring plaintiff to "identify each of the individual members of the defendant's LLC and specifically plead their states of citizenship"), because any one of Plaintiff's members might share Defendant's Missouri citizenship, Doc. [1] ¶ 2, and ultimately destroy the complete diversity that § 1332(a) requires.  *See M & B Oil, Inc. v. Federated Mut. Ins. Co.*, 66 F.4th

1106, 1109 (8th Cir. 2023) ("The statute contains an important judicial gloss: the parties must be completely diverse from one another.").*

"Federal courts are courts of limited jurisdiction," and they possess "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Therefore, this Court must "presume[] that a cause lies outside this limited jurisdiction," and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.*  If Plaintiff can carry its burden and establish this Court's subject matter jurisdiction, it must file an Amended Complaint doing so.  *See* 28 U.S.C. § 1653 (allowing amendment of pleadings to show jurisdiction).  Failure to do so will result in dismissal of this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff must file an Amended Complaint, no later than **March 10, 2025**, that sufficiently establishes this Court's subject matter jurisdiction.

Dated this 26th day of February 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

* The Court acknowledges that Plaintiff has complied with Federal Rule of Civil Procedure 7.1 by filing an Amended Disclosure Statement.  Doc. [7].  Although the Court might learn additional jurisdictional information from this disclosure, it does not satisfy Plaintiff's duty to sufficiently plead this Court's jurisdiction in its Complaint and, more specifically, include allegations regarding its members' respective domiciles, as applicable.  *See* Fed. R. Civ. P. 7.1 advisory committee's note to 2022 amendment ("The disclosure does not relieve a party that asserts diversity jurisdiction from the Rule 8(a)(1) obligation to plead the grounds for jurisdiction."); *see also Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 777–78 (8th Cir. 2014) (explaining a person's citizenship for purposes of diversity jurisdiction is equivalent to his or her domicile).